101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
John W. HARRISON, Defendant-Appellant.
 No. 95-1678.
 United States Court of Appeals, Second Circuit.
 May 31, 1996.
 
 FOR APPELLANT: E.M. Allen, Esq., Stetler & Allen, Burlington, Vermont
 FOR APPELLEE: Gregory W. Waples, Assistant United States Attorney, District of Vermont, Burlington, Vermont
 D.Vt.
 AFFIRMED.
 Before VAN GRAAFEILAND, WALKER and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 On March 4, 1995, Defendant-Appellant John Harrison was stopped by Police Officer Dana Drown for speeding. When he approached Harrison's vehicle, Officer Drown noticed that Harrison was holding a sawed-off shotgun behind his back. Officer Drown ordered Harrison to put his hands out the window of his vehicle, and radioed for assistance. Harrison initially complied but then fled in his vehicle. A high-speed chase ensued. On March 5, 1995, Harrison was arrested on a variety of state charges resulting from the incident. On March 6, 1995, he was charged in a federal complaint with possession of a sawed-off shotgun with a barrel of less than eighteen inches and an overall length of less than twenty-six inches, which was not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861, 5845(a), 5871. The following day, a federal grand jury returned a one-count indictment. Following a two-day jury trial, Harrison was convicted on the firearms charge. On November 21, 1995, he was sentenced to forty-one months imprisonment, to be followed by two years supervised release.
 
 
 4
 On appeal, Harrison does not allege any errors with respect to his sentence. Rather, he argues that the district court made three errors at trial, each of which requires reversal of his conviction. Harrison alleges (1) that the district court committed plain error in instructing the jury as to reasonable doubt; (2) that the district court erred in admitting a certificate of non-registration of a specialist from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") pursuant to Federal Rule of Evidence 803(10); and (3) that the district court erred in admitting Officer Drown's tape recorded radio transmission pursuant to Federal Rule of Evidence 803(2). We address each of these claims separately.
 
 The Reasonable Doubt Instruction
 
 5
 At one point while delivering its instructions on reasonable doubt, the district court misspoke and stated: "It is not required that the government prove guilt beyond all reasonable doubt." As the parties agree, this statement was erroneous; the district judge meant to instruct that the government was not required to prove guilt beyond all "possible" doubt. However, because Harrison did not make a contemporaneous objection, we evaluate his claim under the plain error test. When looked at as a whole, as we must, see Victor v. Nebraska, 114 S.Ct. 1239, 1243 (1994), the court's reasonable doubt instruction more than adequately explained the concept of reasonable doubt to the jury. We are convinced that there is no reasonable likelihood that the court's inadvertent misstatement in any way misled the jury into believing that it could convict Harrison even if it held a reasonable doubt as to his guilt. Accordingly, the inadvertent error by the district court does not satisfy the plain error test and cannot be grounds for reversal.
 
 The Certificate of Non-Registration
 
 6
 At trial, the government offered into evidence a certificate of non-registration of a specialist with the ATF, pursuant to Federal Rule of Evidence 803(10). In the certificate, the specialist attested to the fact that he had done a diligent search of the National Firearms Registration and Transfer Record yet had found no evidence that Harrison was registered to have the firearm at issue in the case. At trial, Harrison objected to admission of the certificate on the grounds that it was inadmissible under Rule 803(8). Because we find that the certificate conformed in all respects to the requirements of Rule 803(10), we are unable to conclude that the district court erred in admitting the certificate. We decline Harrison's invitation to extend the prohibition contained in Fed.R.Evid. 803(8) to Fed.R.Evid. 803(10).
 
 The Police Radio Transmissions
 
 7
 Harrison argues that the district court erred in admitting into evidence a tape recording of police radio transmissions by Officer Drown at the moment he discovered Harrison to be in possession of the sawed-off shotgun and during the subsequent high-speed chase. The district court admitted the evidence as an "excited utterance," pursuant to Fed.R.Evid. 803(2). As we have previously noted, "the long held view of this Circuit [is] that the trial judge is in the best position to weigh competing interests in deciding whether or not to admit certain evidence. Absent an abuse of discretion, the decision of the trial judge to admit or reject evidence will not be overturned by an appellate court." United States v. Scarpa, 913 F.2d 993 (2d Cir.1990) (quotations and citations omitted). Several factors convince us that the district court did not abuse its discretion here. Officer Drown testified (1) that he was alone at midnight when he stopped Harrison; (2) that it was not an ordinary event in the life of a police officer in that area to encounter a subject carrying a sawed-off shotgun; and (3) that when Officer Drown spoke to his dispatcher, he was "extremely excited, scared." Under these circumstances, it was not an abuse of discretion for the district court to determine that the statements on the tape "relat[ed] to a startling event or condition [and were] made while the declarant was under the stress of excitement caused by the event or condition." Fed.R.Evid. 803(2).
 
 
 8
 None of the errors alleged by Harrison alone or cumulatively rendered his trial unfair. Accordingly, the judgment of the district court is affirmed.